UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAMAR McGAULEY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>　　　　Respondents. | Case No. 1:14-cv-01686-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND (DOC. 1), DECLINE TO CONSTRUE THE PETITION AS A CIVIL RIGHTS COMPLAINT, DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO SEND PETITIONER A CIVIL RIGHTS COMPLAINT FORM AND CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS AFTER SERVICE** |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on October 28, 2014.

　　I.　Screening the Petition

　　Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The

Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges he is an inmate of the Fresno County Jail serving a sentence for a violation of probation with an estimated release date of December 28, 2014. (Pet., doc. 1 at 1, 2, 5.) Petitioner complains of delays in obtaining, and incorrect doses of,

2

unspecified psychotropic medication he was taking before he was incarcerated for an unspecified psychological condition. Petitioner's claim is that he suffered cruel and unusual punishment because the errors in medical treatment resulted in his suffering mental anguish.  Petitioner seeks access to legal research, a copy of his jail treatment records, information concerning a health care corporation, and a form for pursuing a civil rights action pursuant to 42 U.S.C. § 1983 because he also plans to bring a civil rights action for monetary damages and injunctive relief.

## II.   Conditions of Confinement

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time.  Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).

A court will not infer allegations supporting federal jurisdiction.  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th

3

Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

   Challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement to immediate or speedier release.  Preiser v. Rodriguez, 411 U.S. 475, 500.  Thus, such claims are within the core of habeas corpus jurisdiction.

   The Ninth Circuit has recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus.  Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding likely to accelerate eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement).  However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the invalidity of continuing confinement.  Docken v. Chase, 393 F.3d at 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for

4

challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not necessarily imply the invalidity of continuing confinement); Ramirez v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).

Here, Petitioner's claims do not relate to or affect the duration of his confinement; rather, they concern only the conditions of his confinement.  Petitioner's allegations would not entitle him to relief in this proceeding.  Thus, Petitioner's claims should be dismissed.  Further, because of the nature of Petitioner's claims, even if leave to amend were granted, Petitioner could not amend his petition to allege tenable conditions claims that would warrant habeas relief.  Petitioner could not allege specific facts that demonstrate that as a result of the challenged procedures, the legality or duration of Petitioner's confinement, as distinct from the conditions of his confinement, was affected.

Accordingly, Petitioner's habeas petition should be dismissed without leave to amend.

III.  Remedy

Although Petitioner is not entitled to habeas relief for his claims, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971).

However, the Court should decline to construe the petition as a civil rights complaint because of differences in the procedures in habeas proceedings and civil rights actions.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his

5

prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b). The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee. Here, the petition was not accompanied by the $350 filing fee or an authorization to have such a fee deducted from the Petitioner's trust fund account.

Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Here, Petitioner alleges only generally that he has exhausted administrative remedies.

Another omission from the petition that affects the Court's decision not to consider it as a civil rights complaint is the Petitioner's failure to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity.

In addition, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). It is not clear that all of Petitioner's allegations state civil rights claims. If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and

any future civil rights action he might bring.

Based on the foregoing, it is appropriate to dismiss the petition so Petitioner himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint. It will be recommended that the Clerk send a civil rights complaint form with the order of dismissal of the petition so that Petitioner may initiate a separate civil rights suit if he chooses.

## IV.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional

7

right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V. Recommendations

Based on the foregoing, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without leave to amend for failure to state facts entitling the Petitioner to relief in a proceeding pursuant to 28 U.S.C. § 2254;

2) The Court DECLINE to construe the habeas petition as a civil rights complaint;

3) The Court DECLINE to issue a certificate of appealability;

4) The Clerk be DIRECTED to send to Petitioner with the order of dismissal a form for a civil rights complaint pursuant to 42 U.S.C. § 1983; and

5) The Clerk be DIRECTED to close the action because the dismissal terminates it in its entirety.

///

1 These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 8, 2014**                                **/s/ Sheila K. Oberto**
                                                                        UNITED STATES MAGISTRATE JUDGE